UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JONATHAN CHICAS, an individual; and RITA TALBERT, an individual, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

AMAZON RETAIL LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,

Defendants.

Case No.: 2:24-cv-10306 FMO (SSCx)

CLASS ACTION

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

Date: August 6, 2026
Time: 10:00 a.m.
Courtroom: 6D
Judge: Hon. Fernando M. Olguin

Action Filed: September 25, 2024
FAC Filed: January 2, 2025
SAC Filed: February 4, 2025
TAC Filed: September 24, 2025
Trial Date: None Set

-1-

## **ORDER**

Plaintiff Rita Talbert's ("Plaintiff") Motion for Preliminary Approval of Class Action and PAGA Settlement ("Motion") came before this Court for hearing on August 6, 2026. The Court, having fully reviewed Plaintiff's Motion, the Declaration of Matthew J. Matern and all exhibits thereto, including the Class Action Settlement Agreement and Release ("Settlement" or "Settlement Agreement") and the Notice of Class Action Settlement ("Notice Packet"), the Declaration of Kyle Nordrehaug, the Declaration of Plaintiff Rita Talbert, the Declaration of Gabriel Anello, and all other supporting papers, and for good cause appearing, HEREBY ORDERS as follows:

1. The Court finds on a preliminary basis that Plaintiff and her counsel have adequately represented the Settlement Class Members, the proposed Settlement was negotiated at arm's length, the relief provided to the Settlement Class Members is fair, reasonable, and adequate and falls within the range of possible approval; and the proposed Settlement treats Settlement Class Members equitably relative to each other. The Court therefore grants preliminary approval of the Settlement based upon the terms set forth in the Settlement Agreement, which is attached as Exhibit 3 to the Declaration of Matthew J. Matern and is incorporated in full by this reference and made a part of this Order.

2. All capitalized terms defined in the Settlement Agreement shall have the same meaning when used in this Order.

3. The Court finds, for settlement purposes only, that the Settlement Class meets the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3). Because certification of the Settlement Class is proposed in the context of a settlement, the Court need not inquire whether the case, if tried as a class action, would present intractable manageability problems.

4. With respect to the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), the Court makes the following findings:

a.  The Settlement Class, which has approximately 18,271 members, satisfies the standard for numerosity pursuant to Fed. R. Civ. P. 23(a)(1).

b.  There are many questions of fact and law that are common to the Settlement Class regarding the policies and practices that applied to Settlement Class Members' employment with Defendant Amazon Retail LLC ("Defendant"), thereby satisfying the standard for commonality pursuant to Fed. R. Civ. P. 23(a)(2).

c.  Plaintiff's claims meet the typicality requirement because she was a non-exempt employee of Defendant and her claims arise from the same alleged events and course of conduct as those alleged on behalf of the Settlement Class, thereby satisfying Fed. R. Civ. P. 23(a)(3).

d.  The Court finds that Matern Law Group, PC and Blumenthal Nordrehaug Bhowmik De Blouw LLP will fairly and adequately represent the Settlement Class and appoints the firms as Class Counsel for settlement purposes.

e.  The Court finds that Plaintiff Rita Talbert will fairly and adequately represent the Settlement Class, and appoints her as Class Representative for settlement purposes.

f.  The Court finds that, for purposes of settlement only, common questions of law and fact predominate over individualized issues, because the claims arise from Defendant's policies and widespread practices, and further finds that the superiority requirement is satisfied because it is likely that recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis.

ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT
CASE NO.: 2:24-CV-10306 FMO (SSCx)

5.    In accordance with the Settlement Agreement, the Court hereby provisionally certifies the following Settlement Class for settlement purposes:

> All current and former non-exempt Amazon Retail LLC employees who worked at Amazon Fresh grocery store locations in California from January 19, 2022 through and including April 30, 2026.

6.    The Court approves, as to form and content, the Notice Packet, attached as Exhibit A to the Settlement Agreement. The Court finds that the emailing, using the most current, known email addresses, and the mailing of the Notice Packet to each Settlement Class Member's last known address, with appropriate skip-tracing and mail forwarding for Notice Packets returned as undeliverable, is the best notice practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the class action, proposed Settlement, and the final approval hearing to all persons entitled to such notice in full compliance with the requirements of due process and the Federal Rules of Civil Procedure. The Court further finds that the Notice Packet adequately advises the Settlement Class about the class action, the terms of the proposed Settlement, the benefits available to each Settlement Class Member, the proposed fees and costs to Class Counsel, each Settlement Class Member's right to object to or opt out of the Settlement, and the timing and procedures for doing so, preliminary Court approval of the proposed settlement, and the date of the Final Approval Hearing as well as the rights of Settlement Class Members to appear in connection with the hearing.

7.    The Court appoints Phoenix Settlement Administrators as the Settlement Administrator. The Court authorizes the Settlement Administrator to mail the Notice Packet to the Settlement Class Members, pursuant to the terms of the Settlement.

8.    Within thirty (30) calendar days of the entry of the Court's order

-4-

granting Preliminary Approval, Defendant will provide the Class List to the Settlement Administrator.

9. Within fifteen (15) calendar days after receiving the Class List from Defendant, the Settlement Administrator will send a Notice Packet to all Settlement Class Members via email, using the most current, known email addresses identified in the Class List, and via regular First-Class U.S. Mail, using the most current, known mailing addresses identified in the Class List.

10. The Response Deadline is the deadline by which Settlement Class Members must postmark or fax to the Settlement Administrator Requests for Exclusion, Notices of Objection, or disputes as to workweeks. The Response Deadline will be sixty (60) calendar days from the initial mailing of the Notice Packet by the Settlement Administrator, unless the sixtieth (60th) day falls on a Sunday or federal holiday, in which case the Response Deadline will be extended to the next day on which the U.S. Postal Service is open.

11. A Final Approval Hearing to determine whether the Settlement is fair, reasonable, and adequate to the Settlement Class Members and to consider the motion of Class Counsel for an award of attorneys' fees and costs and a Class Representative Enhancement Payment will be held on _____, 2026 at 10:00 a.m., in Courtroom 6D of the United States District Court for the Central District of California, First Street Courthouse, located at 350 West 1st Street, Los Angeles, California 90012. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications or motions arising out of or connected with the Settlement.

12. The parties are ordered to carry out the Settlement according to the terms of the Settlement.

13. The Court sets the following deadlines:

| Deadline for Defendant to provide Class List to Settlement Administrator | _____, 2026 [30 calendar days after entry of order granting preliminary approval] |
|---|---|
| Deadline for Settlement Administrator to mail Notice Packet to Settlement Class Members | _____, 2026 [45 calendar days after entry of order granting preliminary approval] |
| Deadline for Settlement Class Members to submit a Request for Exclusion, Objection, or Workweek dispute ("Response Deadline") | _____, 2026 [60 calendar days after Notice Packet is mailed by the Settlement Administrator, unless the 60th day falls on a Sunday or federal holiday, in which case it will be extended to the next day the U.S. Postal Service is open] |
| Deadline for Class Counsel to file Motion for Attorneys' Fees and Costs | _____, 2026 |
| Deadline for Plaintiff to file Motion for Final Approval of Class Action Settlement Agreement | _____, 2026 |

14.    Pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Settlement Agreement are stayed.

**IT IS SO ORDERED.**

Dated: _____          _____

HON. FERNANDO M. OLGUIN
United States District Judge

-6-